Michael R. Brooks, Esq.
Nevada Bar No. 7287
Regina A. Habermas, Esq.
Nevada Bar No. 8481
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Ph (702) 851-1191
Fax (702) 851-1198
efile@brooksbauer.com
Attorneys for Plaintiff,
Thomas A. Seaman, as Receiver

*Electronically Filed: June 20, 2011*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS A. SEAMAN, Federal Equity Receiver for Medical Provider Financial Corporation III,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. AQUINO, M.D., an individual; and DOES 1-100,<br><br>Defendant. | Case No.   2:11-cv-00571-RLH-LRL<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER TO SERVE ROBERT J. AQUINO, M.D. BY PUBLICATION AND TO EXTEND TIME FOR SERVICE (FIRST REQUEST)** |

Plaintiff Thomas A. Seaman, Federal Equity Receiver for Medical Provider Financial Corporation III, by and through its counsel, Brooks Bauer LLP, herby moves this Court pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(m) for an Order authorizing the service of Defendant Robert J. Aquino, M.D. ("Dr. Aquino") by publication and extending the time to complete service. Because Plaintiff has diligently attempted but been unable to serve Dr. Aquino, good cause exists for Plaintiff's submission of this motion without notice to all parties.

This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Regina A. Habermas, Esq., filed concurrently herewith, and the pleadings and

///

///

1 | papers on file herein.

2 | DATED this 20th day of June, 2011.

3 | BROOKS BAUER LLP

By: /s/Regina A. Habermas, Esq.
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Regina A. Habermas, Esq.
Nevada Bar No. 8481
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1151
Fax (702) 851-1198
Attorneys for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Thomas A. Seaman, Federal Equity Receiver for Medical Provider Financial Corporation III, filed the Complaint that initiated this action on April 14, 2011. As such, the time to complete service upon Defendant Robert J. Aquino, M.D. will expire on August 12, 2011. In the Complaint, Plaintiff seeks an award of damages and other relief based upon Defendant's breach of a loan agreement. Despite Plaintiff's diligent efforts to effect personal service on Defendant, Plaintiff has been unable to effect personal service of the Summons and Complaint. Therefore, Plaintiff seeks permission to serve Defendant by publication. In addition, although Plaintiff expects to complete service by publication prior to August 12, 2011, out of an abundance of caution, Plaintiff requests the Court extend the time for service by thirty-five (35) days.

## II. STATEMENT OF FACTS

On August 18, 2009, Plaintiff was appointed permanent receiver for a number of entities, including Medical Provider Financial Corporation III ("Lender"). [Dkt. No. 1, Exhibit "A."] On or about January 4, 2007, Defendant Robert J. Aquino, M.D. ("Dr. Aquino") entered into a Loan and Security Agreement with Lender pursuant to which Lender extended credit to Dr. Aquino in an amount not to exceed $12,800,000.00 (the Loan Agreement"). [Dkt. No. 1, ¶ 12, Exhibit "B."] The Loan Agreement was subsequently amended and Dr. Aquino received in excess of $16,000,000.00 from Lender. [Dkt. No. 1, ¶¶ 13, 14, 15.] However, Dr. Aquino defaulted on his obligations under the Loan Agreement. [Dkt. No. 1, ¶ 16.] Plaintiff seeks to recover damages for the benefit of creditors of and investors in the entities in receivership. [Dkt. No. 1, ¶ 1.]

As noted above, Plaintiff filed his Complaint seeking damages and other relief on April 14, 2011. [Dkt. No. 1.] The same day, the Clerk issued a Summons in a Civil Action (the "Summons") directed to Dr. Aquino. [Dkt. No. 3.] The address contained on the Summons is the address to which Dr. Aquino requested notices be directed under the Loan Agreement (the "Steinway Street Address"). [Dkt. No. 1, p. 49.] On May 5, 2011, counsel for Plaintiff provided

1  true and correct copies of the Summons and Complaint to a process server and requested the
2  server effect personal service on Dr. Aquino at the Steinway Street Address. *See*, Declaration of
3  Regina A. Habermas, Esq. in support of Plaintiff's *Ex Parte* Motion for an Order to Serve Robert
4  J. Aquino, M.D. by Publication and to Extend Time for Service (First Request) (the "Habermas
5  Decl."), filed concurrently herewith, ¶ 5.

6  On May 14, 2011, a process server attempted to serve the Summons and Complaint on
7  Dr. Aquino at the Steinway Street Address. [Dkt. No. 6, a copy of which is attached hereto as
8  Exhibit "1" for the Court's convenience, p. 3.] However, the premises were vacant and listed for
9  rent. *Id.* On May 16, 2011, the process server advised Plaintiff's counsel he had been unable to
10 serve Dr. Aquino. Habermas Decl., ¶ 6. The same day, counsel for Plaintiff provided true and
11 correct copies of the Summons and Complaint to another process server and requested the server
12 effect personal service on Dr. Aquino at his residence, located at 2 Copperfield Lane, Glen Head,
13 New York 11545 (the "Copperfield Lane Address"). *Id.*, ¶ 7.

14 The process server made three attempts to serve the Summons and Complaint on Dr.
15 Aquino at the Copperfield Lane Address. Exhibit "1," p. 4. However, on each occasion,
16 although there was at least one vehicle in the driveway, no one answered when the process server
17 sought access through the gate across the driveway. *Id.*, p. 4 and 5. As such, the process server
18 was not able to effect service on Dr. Aquino at the Copperfield Lane Address. The process
19 server checked the Glen Head Telephone Directory, Glen Head Water District, Nassau County
20 Assessor's Office, Voter's Registration, New York Power Company, Department of Motor
21 Vehicles, and ran an Accurint nationwide people search; however, he was not able to find any
22 additional address at which to attempt to serve Dr. Aquino. Habermas Decl., ¶ 8. On June 10,
23 2011, Plaintiff filed the Summons with the process servers' affidavits regarding attempted
24 service attached thereto. Exhibit "1."

25 **III.  ANALYSIS**

26 **A.  This Court Should Grant Plaintiff Permission to Serve Defendant by Publication.**

27 Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process on an
28 individual within a judicial district of the United States of America. Pursuant to that Rule, an

individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FRCP 4(e)(1). Because this Court is located within the State of Nevada, FRCP 4(e)(1) authorizes service of process on Dr. Aquino pursuant to Rule 4 of the Nevada Rules of Civil Procedure. That Rule states, in pertinent part,

> In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

NRCP 4(e)(1)(i).

In this case, Plaintiff has diligently attempted to effect personal service on Dr. Aquino at both his business and residence addresses. *See*, Exhibit "1" and Habermas Decl. However, it appears that Dr. Aquino is evading service. Although there were vehicles parked in the driveway of the Copperfield Lane Address and the process server believed the property to be occupied, no one responded to the server's attempts to gain access to the property through the driveway gate. Exhibit "1," p. 4. The process server performed various searches to identify additional addresses at which Dr. Aquino might be served, but was unable to locate an alternate address for service. Habermas Decl., ¶ 8.

Further, as demonstrated in the Complaint, Plaintiff has alleged a number of causes against Dr. Aquino, including breach of contract. [Dkt. No. 1.] Finally, Dr. Aquino is the obligor in the Loan Agreement and, therefore, is a necessary and proper party to this action. [Dkt. No. 1, Exhibit "B."] As such, this Court should grant Plaintiff permission to serve Dr. Aquino by publication pursuant to NRCP 4(e)(1).

**B.     This Court Should Extend the 120-Day Service Period.**

Rule 4(m) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed." However, that rule also authorizes this Court to extend the time for service. With respect to this

rule, the Ninth Circuit has stated,

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.

*In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted).

Here, because the Complaint was filed on April 14, 2011, the time to serve Dr. Aquino will not expire until August 12, 2011 or about eight weeks from now. [Dkt. No. 1.] However, service by publication pursuant to NRCP 4(e)(1) requires publishing for a period of four weeks following the first publication. NRCP 4(e)(1)(iii). In addition, Plaintiff estimates that coordinating the publication following the entry of an Order by this Court will require one week. Habermas Decl., ¶ 9. As such, Plaintiff expects to be able to complete service by publication prior to the expiration of the current deadline.

However, out of an abundance of caution, Plaintiff respectfully requests the Court extend the deadline to complete service by thirty-five (35) days to Friday, September 16, 2011. Good cause exists to grant Plaintiff's request. As demonstrated above, Plaintiff has diligently attempted to effect personal service on Dr. Aquino; however, it appears he is evading service. In addition, Plaintiff is requesting the extension while one-half of the prescribed time period still remains. Finally, Plaintiff is requesting an extension of only thirty-five (35) days and Dr. Aquino will not be prejudiced in his ability to defend this action by such a short extension of time.

Even if this Court determines the above factors do not demonstrate good cause, the Court should nonetheless exercise its discretion to grant the requested extension. A dismissal of this action without prejudice should Plaintiff be unable to complete publication within the prescribed time period will cause Plaintiff and this Court to incur additional costs associated with the filing of a new action. Given the diligence with which Plaintiff has acted, it would be unfair to require Plaintiff to incur such costs. As such, Plaintiff respectfully requests this Court grant the extension of time requested by Plaintiff.

///

IV. **CONCLUSION**

For the above reasons, Plaintiff respectfully requests that this Court enter an Order granting permission to serve Defendant Robert J. Aquino, M.D. by publication and extending the time for service by thirty-five (35) days, to September 16, 2011.

Dated this 20th day of June, 2011.

BROOKS BAUER LLP

By: */s/Regina A. Habermas, Esq.*
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Regina A. Habermas, Esq.
Nevada Bar No. 8481
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1151
Fax (702) 851-1198
Attorneys for Plaintiff

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 6-24-11